J-A07023-26

2026 PA Super 122

| | | |
|---|---|---|
| ALEISHA K. MOSHER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY T. MOSHER | : | |
| | : | |
| Appellant | : | No. 1189 MDA 2025 |

Appeal from the Order Entered August 20, 2025
In the Court of Common Pleas of Bradford County Domestic Relations at
No(s):  22DR00267,
PACSES No. 032301660

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

OPINION BY DUBOW, J.:                    **FILED: JUNE 15, 2026**

Corey T. Mosher ("Father") appeals *pro se* from the August 20, 2025 order that, *inter alia*, denied his request to reduce the child support that he is ordered to pay Appellee Aleisha K. Mosher ("Mother") for the care of their two children.  Father challenges the trial court's application of the Pennsylvania Support Guidelines and argues that the trial court erred in applying Rule 1910.16-4(d)(2) instead of subsection (d)(1).  *See* Pa.R.Civ.P. 1910.16-4(d)(1)-(2).  Upon review, we affirm.

The relevant factual and procedural history is as follows.  Father and Mother are divorced and parents of two children, E.M.M. ("Child 1") and C.T.M. ("Child 2").  Mother has full-time primary physical custody of Child 1 and Child 1 does not spend any custodial time with Father.  In contrast, Mother and Father share 50/50 custody of Child 2.  Mother is employed by the Athens Area School District, and her uncontested annual income is $52,229.64.

Father is employed by the Athens Area School District, and his uncontested annual income is $95,289.92. On December 19, 2024, a hearing officer used Rule 1910.16-4(c) to offset Father's child support obligation because Father spent more than 40% of time with Child 2. Mother filed exceptions asserting that the court had to consider the custodial time with all children. The court granted the exceptions and ordered the hearing officer to apply Rule 1910.16-4(d)(2) to calculate support. The hearing officer issued findings on April 16, 2025, and the court ordered Father to pay $1,528.92 per month in child support to Mother. Father filed exceptions. On August 20, 2025, after a hearing, the court denied the exceptions.

Father filed a timely *pro se* appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues for our review:

1. Did the trial court err as a matter of law in applying Pa.R.C[iv].P. 1910.16-4(d)(2) instead of (d)(1) to a custody arrangement where one child resides solely with Appellee and the other is shared equally (50/50) between both parties?

2. Did the trial court abuse its discretion by refusing to calculate and offset support obligations based on the individualized custodial arrangement of each child, thereby rendering Appellant responsible for support of both children?

3. Did the trial court improperly average the parties' custody time across both children to defeat Appellant's shared custody rights and legal entitlement to offset?

Father's Br. at 3 (unpaginated).

Our well-settled standard of review in a child support case provides that this Court "will not interfere with the broad discretion afforded the trial court

- 2 -

absent an abuse of the discretion or insufficient evidence to sustain the support order." **Silver v. Pinskey**, 981 A.2d 284, 291 (Pa. Super. 2009) (*en banc*) (citations omitted). "An abuse of discretion requires proof of more than a mere error in judgment, but rather evidence that the law was misapplied or overridden, or that the judgment was manifestly unreasonable or based on bias, ill will, prejudice, or partiality." **Capuano v. Capuano**, 823 A.2d 995, 999 (Pa. Super. 2003) (citation omitted). Accordingly, we will reverse a child support order only where it "cannot be sustained on any valid ground." **Silver**, 981 A.2d 291 (citation omitted). Notably, "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." **Id.** (citations omitted).

"Child [] support shall be awarded pursuant to a Statewide guideline as established by general rule by the Supreme Court, so that persons similarly situated shall be treated similarly." 23 Pa.C.S. § 4322(a). "In general, the party who has primary custody of the children shall be the obligee of a child support order. When the parties share custody of the children equally, the party with the higher income shall be the obligor[.]" Pa.R.Civ.P. 1910.3(b)(1)-(2).

Rule 1910.16-4 governs the calculation of child support. Subsection (a)(1) provides formulas for the basic calculation. **See id.** at 1910.16-4(a)(1). Notably, the basic support schedule incorporates an assumption that the children spend 30% of the time with the obligor and that the obligor makes direct expenditures on their behalf during that time. **Id.** at 1910.16-1 cmt.

- 3 -

Subsection (c) addresses when the obligor exercises substantial or equally shared custody of a child for whom support is owed and provides that "[i]f a child spends 40% or more of the annual overnights with the obligor, a rebuttable presumption arises that the obligor is entitled to a reduction in the basic child support obligation to reflect the obligor's increased spending on the child during the obligor's custodial time." *Id.* at 1910.16-4(c)(1).

Subsection (d)(1) addresses when the parties have divided or split physical custody and "each party owes child support to the other party as a result of the custodial arrangement[.]" *Id.* at 1910.16-4(d)(1). It provides that "the trier-of-fact shall offset the parties' respective basic child support obligations and award the net difference to the obligee as child support." *Id.*

Subsection (d)(2) addresses when the parties have a varied partial or shared physical custody schedule and provides as follows:

(2) *Varied Partial or Shared Physical Custodial Schedule.*

(i) The trier-of-fact may reduce a party's basic child support obligation if the parties have more than one child and each child spends either different amounts of:

(A) partial or equally shared custodial time with the higher monthly net income party; or

(B) partial custodial time with the lower monthly net income party.

(ii) In determining whether a party is entitled to a reduction as provided in subdivision (d)(2)(i):

(A) the trier-of-fact shall:

(I) add the percentage of annual overnights each child spends with that party; and

(II) divide by the number of children to determine the party's average percentage of custodial time.

(B) If the average percentage of custodial time is 40% or more:

(I) subdivision (c) applies; and

(II) the trier-of-fact shall reduce the party's basic child support obligation accordingly.

*Id.* at 1910.16-4(d)(2).

* * *

The crux of Father's argument is that the trial court erred in applying Rule 1910.16-4(d)(2) instead of subsection (d)(1). Father's Br. at 4 (unpaginated). Father argues that "split custody" cases, "when each parent has custody of at least one child" are governed by subsection (d)(1), and support obligations should be calculated separately for each child. He contends that he is entitled to a reduction in child support because he has one child 50% of the time. *Id.* at 5-6 (unpaginated). Father's arguments fail for several reasons.

First, Father ignores the fact that subsection (d)(1) only applies when both parties owe support to each other, *i.e.*, when each party is an obligor to one of the children. *See* Pa.R.Civ.P. 1910.16-4(d)(1). Here, Father is clearly the obligor for both children. With regards to Child 1, Rule 1910.3(b) dictates that since Mother has primary custody of Child 1, she is the obligee and Father is the obligor. With regards to Child 2, even though Father shares custody with Mother, he is the party with the higher income likewise rendering him the

obligor. ***See id.*** at 1910.3(b). Because Father is the obligor for both children, subsection (d)(1) does not apply.

Father's argument that the trial court should have calculated his child support obligation separately for each child is refuted by the Comment to Rule 1910.16-4, which clearly states that separate calculations are not appropriate. Specifically, the Comment states:

> In cases with more than one child and varied partial or shared custodial schedules, it is not appropriate to perform a separate calculation for each child and offset support amounts as that method does not consider the incremental increases in support for more than one child built into the schedule of basic child support.

***Id.*** at 1910.16-4 cmt. Moreover, this Court has explained that "subsection (d)(2) only applies to reduce the obligation for a parent who owes support for multiple children, but exercises at least 40% custody of those children." ***Foster v. Frye***, 2025 WL 1704306, at *7 (Pa. Super. June 18, 2025) (non-precedential decision).

The trial court correctly found that Father was not entitled to a reduction in support because "an obligor is only entitled to a reduction based on custodial time if the obligor's custodial time exceeds 40% when considering *all children*. Here, Father's total custodial time is 25%." Order, 8/20/25, at 2 (emphasis in original). The court further opined that "Father's approach ignores the correct and well-established calculation of basic child support that is intended to yield a fair, just, and appropriate result." ***Id.***

We agree with the trial court that Father is not entitled to a reduction in child support pursuant to Rule 1910-16.4(d)(1). As subsection (d)(1) requires

both parties to be obligors for it to apply, and Mother is the obligee for both children, Father's argument has no support in the law. Moreover, the Comment to Rule 1910.16-4 directly contradicts Father's position that child support obligations should be calculated separately for each child. Accordingly, we discern no abuse of discretion and affirm the order denying Father's exceptions.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/15/2026